1  ADRIENNE C. PUBLICOVER (SBN 161432)
   LAWRENCE J. ROSE (SBN 129511)
2  WILSON, ELSER, MOSKOWITZ,
       EDELMAN & DICKER LLP
3  525 Market Street, 17th Floor
   San Francisco, California 94105
4  Tel:   (415) 433-0990
   Fax:   (415) 434-1370
5
   Attorneys for Defendants
6  LIFE INSURANCE COMPANY
   OF NORTH AMERICA AND
7  ARROW ELECTRONICS

8

9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                    SAN JOSE DIVISION

13

14 RICK M. GREENBURG,                )   CASE NO.   CV08-03240 HRL
                                     )
15        Plaintiff,                 )   [REQUEST FOR REASSIGNMENT
                                     )   TO UNITED STATES DISTRICT
16   v.                              )   JUDGE PENDING]
                                     )
17 LIFE INSURANCE COMPANY            )   MEMORANDUM OF POINTS AND
   OF NORTH AMERICA and ARROW        )   AUTHORITIES IN SUPPORT OF
18 ELECTRONICS,                      )   MOTION TO STRIKE PLAINTIFF'S
                                     )   IMPROPER DAMAGES CLAIMS
19        Defendants.                )   AND DEMAND FOR JURY TRIAL
                                     )
20                                   )   [FRCP 12(f)]
                                     )
21                                   )   Date:      September 2, 2008
                                     )   Time:      10:00 a.m.
22                                   )   Location:  San Jose Division
                                     )   Judge:     Hon. Harold R. Lloyd
23                                   )
                                     )   **Accompanying Documents**
24                                   )   1.   Notice of Motion and Motion to
                                     )        Strike; and
25                                   )   2.   [Proposed] Order
                                     )
26

27
   ────────────────────────────────────────────────
28 **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S
   IMPROPER DAMAGES CLAIMS AND DEMAND FOR JURY TRIAL [FRCP 12(F)]**
   USDC NDCA Case # CV08-03240 HRL
   365363.1

Pursuant to Federal Rule of Civil Procedure 12(f), defendants LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA") and ARROW ELECTRONICS submit this memorandum in support of their motion to strike the claims for consequential and punitive damages and the purported demand for jury trial in plaintiff Rick M. Greenberg's ("plaintiff") complaint.

## I.   INTRODUCTION AND ISSUES TO BE DECIDED

The plaintiff's complaint specifically pleads that this dispute is governed by ERISA – the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001.  The complaint, which takes full advantage of the Rule 8 doctrine of a "short and plain statement," demonstrates that plaintiff's claim arises from the termination of his long term disability benefits, which had been available under a program maintained by his employer as an employee welfare benefit plan.  In fact, the complaint contains a prayer for an award of all the future benefits that might ever possibly be available – in excess of One Million Dollars.

The complaint also sets out three "counts" which attempt to specify certain acts of alleged misconduct.  Although those counts are legally defective, they are not the subject to this motion.  Instead, defendants here move to strike plaintiff's purported claims for what appear to be consequential damages ("rehabilitation" expenses, in the Prayer for Relief, Paragraph 2, and for punitive damages (in the Prayer, Paragraph 3), and his purported demand for a jury trial.

It is well established that ERISA preempts all common law claims that seek any forms of relief beyond that provided by the statute itself.  *See Aetna Health Inc. v. Davila,* 542 U.S. 200, 209, 124 S.Ct. 2488, 2495 (2004); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 95 L.Ed.2d 39 (1987); *cf. Bui v. AT&T,* 310 F.3d 1143, 1148 (9th Cir. 2002)("ERISA precludes state law claims predicated on the denial of benefits.")  ERISA also establishes the remedies that are available on a proper claim, and excludes any possibility of recovering consequential or punitive damages.  The plaintiff's claims for those damages, therefore, should properly be

---

1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S IMPROPER DAMAGES CLAIMS AND DEMAND FOR JURY TRIAL [FRCP 12(F)]**
USDC NDCA Case # CV08-03240 HRL
365363.1

struck, as immaterial and impertinent matters under Rule 12(f). In addition, case law is clear that there is no right to a jury trial in matters based in ERISA; thus, plaintiff's purported demand for a jury trial should be stricken as well. *See Ingram v. Martin Marietta Long Term Disability Income Plan*, 244 F.3d 1109, 1114 (9th Cir. 2001); *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1356 (9th Cir. 1984).

## II.   ALLEGATIONS OF THE COMPLAINT

Plaintiff specifically pleads that his action "arises under Federal ERISA laws of the United States." (Complaint, ¶1.) He alleges that he is disabled, that LINA was his disability benefits carrier, that defendant Arrow Electronics is his former employer, and that LINA terminated his disability benefits. (*Id.*, ¶¶ 4-7.) He seeks a judgment for the full amount of past and future long term disability benefits that might potentially be available under the policy, alleged to be $1,102,296.00. (*Id.*, Prayer for Relief, ¶1.)

*For the purposes of this motion*, defendants are prepared to treat those allegations as a claim for benefits under ERISA, pursuant to 29 U.S.C. § 1132(a)(1)(b). On that basis, the complaint could be considered to state one claim that could survive a motion to dismiss.

However, the complaint also contains a prayer for "reimburse[ment] for expenses of plaintiff's rehabilitation," (*id.*, Prayer for Relief, ¶2), and a prayer for punitive damages. (Prayer for Relief, ¶3). Although the complaint does not describe what plaintiff's rehabilitation was, or how the expenses were incurred, one point is indisputably clear: These expenses are something different than, and additional to, the disability benefits claimed in Prayer number 1. For that reason, they must be understood as some kind of consequential damages, and therefore beyond the remedies available under ERISA. Further, it is well established that punitive damages simply are not available in claims brought under ERISA. Those two claims, therefore, should be stricken.

In addition, the first page of the complaint includes in the caption the statement, "DEMAND FOR JURY TRIAL." Although that bare statement standing alone does not fulfill the requirements of Federal Rule 38 and the Local Rules on point, and should be deemed ineffective, defendants also to move to strike that the statement. There is no right to a jury trial in ERISA cases, and the elimination of plaintiff's purported demand will avoid any confusion over this point later.

### III. LEGAL ARGUMENT

#### A. The Motion To Strike Standard

A motion to strike under F.R.C.P. 12(f) will be granted "when it is shown that the allegations being challenged are … unworthy of any consideration … and their presence in the pleading throughout the pleading will be prejudicial to the moving party." 5C Wright & Miller, *Federal Practice and Procedure: Civil*, § 1380 at 391 & 397 (3d ed. 2004). Matter in a pleading is immaterial when it has "no essential or important relationship to the claim for relief." *Id.*, § 1382, at 458. Material is impertinent when it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.*, at 463. Thus, one test is "whether proof concerning (the challenged matter) could be received at trial; if it could not, then the matter is immaterial and impertinent." *Id.*, at 464; *see, e.g., Gay-Straight Alliance Network v. Visalia Unified School Dist.*, 262 F. Supp. 2d 1088, 1098 (E.D. Cal. 2001)(motion to strike appropriate "if no evidence in support of the allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation"); *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992)(motion to strike granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation"). In this manner, the motion can fulfill its purpose of "dispensing of any spurious issues prior to trial." *Chong v. State Farm Mut. Auto. Ins. Co.*, 428 F.Supp.2d 1136, 1139 (S.D. Cal. 2006).

1   In this instance, as demonstrated by the substantive ERISA discussion below, plaintiff's claims for consequential damages and punitive damages are properly considered spurious. Those remedies are not available in this action; no evidence on them is admissible, and no discovery on them will be allowed. Similarly, the plaintiff's purported demand for a jury trial is defective as a matter of law. The defendants' motion simply eliminates any potential dispute over these points, and serves to streamline the litigation for the court and the parties.

### B. Claims For Consequential And Punitive Damages Are Preempted By ERISA.

In this action, plaintiff seeks to recover long term disability benefits under an ERISA governed employee welfare benefit plan. This is evident from the face of the complaint. The claims for "rehabilitation expenses" and punitive damages, however, are not part of the disability program, and are not benefits under plaintiff's ERISA plan. These claims, therefore are preempted by ERISA and should be stricken.

"Extensive case law establishes that the scope of ERISA preemption is extremely broad." *Hyder v. Kemper National Services,* 390 F.Supp.2d 915, 918 (N.D. Cal. 2005). As explained by the United States Supreme Court, "[t]he purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions . . . " *Aetna Health Inc. v. Davila,* 542 U.S. 200, 208, 124 S.Ct. 2488, 2495 (2004). For that reason, any claim or cause of action that "that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc.,* 542 U.S. at 209, 124 S.Ct. at 2495.

The remedies that are available in an action for ERISA benefits are specified in §502(a)(1)(B) of the statute, codified at 29 U.S.C. §1132(a)(1)(B). An ERISA claimant is entitled only "to recover "benefits due to him under the terms of the plan, to enforce rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the

---

4
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S IMPROPER DAMAGES CLAIMS AND DEMAND FOR JURY TRIAL [FRCP 12(F)]**
USDC NDCA Case # CV08-03240 HRL
365363.1

1  plan." In *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134 (1985), the
2  Supreme Court made clear that ERISA remedies do not include any right to consequential or
3  punitive damages. The Court stated:

4  > Congress did not provide, and did not intend the judiciary to imply a cause of action for extra-contractual damages caused by improper or untimely processing of benefits claims. *Id.* at 148.

6  This rule bars the claim here for plaintiff's "rehabilitation expenses" because they are
7  outside his claim for plan disability benefits, and because there is no other alternative theory
8  that would support their recovery. Stated simply, "[i]f a claim alleges a denial of benefits,
9  ERISA preempts it." *Bui v. AT & T*, 310 F.3d 1143, 1147 (9th Cir. 2002). This is true no
10 matter what language the claim is cloaked in. *See Kanne v. Connecticut Gen. Life Ins. Co.*, 867
11 F.2d 489, 494 (9th Cir. 1988), cert. denied, 492 U.S. 906 (1989) (claims for breach of contract,
12 breach of the duty of good faith and fair dealing, and statutory cause of action for unfair
13 insurance practices under the California Insurance Code all preempted by ERISA); *Tingey v.*
14 *Pixley-Richards West, Inc.*, 953 F.2d 1124, 1131 (9th Cir. 1992) (claims for breach of contract,
15 breach of the duty of good faith and fair dealing, intentional infliction of emotional distress, and
16 violations of the Arizona Insurance Code all preempted by ERISA).

17 In a case alleging improper benefits handling, the Ninth Circuit Court stated the rule that
18 that the only claims available are those created by Section 1132(a), and identified the available
19 remedies plainly: "Extracontractual, compensatory and punitive damages are not available
20 under ERISA." *Bast v. Prudential Ins. Co.*, 150 F.3d 1003, 1009 (9th Cir. 1998). This rule
21 applies to claims under all of the subparts of Section 1132(a). In *Johnson v. District 2*
22 *Engineers Beneficial Associated Maritime Officers Medical Plan*, 857 F.2d 514 (9th Cir. 1998),
23 the Ninth Circuit explained that the "Supreme Court held a beneficiary could not recover extra-
24 contractual damages, either compensatory or punitive, under §409 of ERISA, 29 U.S.C.
25 §1109(a) [incorporated by 29 U.S.C. §1132 (a)(2)], against a fiduciary for improper processing
26 of benefit claims." *Id.* at 517 (referring to *Massachusetts Mutual, supra*). And, the same rule

applies under Section 1132(a)(3): "there [is] no provision for extra-contractual damages under that section either." *Id.* at 517, *citing Sokol v. Bernstein*, 803 F.2d 532 (9th Cir. 1986). Thus, there is simply no legal basis for plaintiff's claim for consequential damages.

Plaintiff's claim for punitive damages is also defective, pursuant to the Ninth Circuit authority cited above. The other courts that have addressed this issue have uniformly agreed, concluding that "[§502(a)(1)(B)] does not authorize punitive damages." *Ford v. Uniroval Pension Plan*, 154 F.3d 613, 618 (6th Cir. 1998). The Fifth Circuit reached a similar conclusion in *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 32 (5th Cir. 1993) ("We join the other circuits that have held that section §502(a)(1)(B) does not allow the recovery of extra-contractual or punitive damages.") *See also*, *Godfrey v. BellSouth Telecommunications, Inc.*, 89 F.3d 755, 761 (11th Cir. 1996)(no indication or reason to believe that 29 U.S.C. §1132(a)(1)(B) permits punitive damages).

The complaint at bar makes clear that plaintiff is seeking an award of benefits under an employer-sponsored welfare benefit plan. He seeks past due benefits, and he seeks "to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. §1132(a)(1)(B). However, even if he is successful, he cannot be entitled to any award of consequential damages or punitive damages. ERISA preempts those state law claims; no such recovery could ever be available, and they should be stricken now so as to avoid any confusion going forward.

**C.    There Is No Right To A Jury Trial In ERISA Actions, And Plaintiff's Purported Demand Should Be Stricken**

As noted, the face of the plaintiff's complaint contains the statement, "Demand for jury trial." However, there is no formal demand – as anticipated by Rule 38 and required by the Local Rules – nor any other reference to a jury trial in the complaint. This purported "demand," therefore, should not be deemed effective. Moreover, because no right to a jury trial is available in ERISA, these defects cannot be remedied, and the plaintiff's purported demand should be stricken.

In *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1357 (9th Cir. 1985), the Ninth Circuit Court of Appeals determined that there is no "independent constitutional or statutory right to jury trial in ERISA actions." That conclusion was carefully considered and confirmed, with specific reference to claims under 29 U.S.C. § 1132(a)(1)(B), in *Thomas v. Oregon Fruit Products*, 228 F.3d 991, 995-96 (9th Cir. 2000). More recently, it was stated as a settled rule: "there is no right to a jury trial in ERISA cases." *Ingram v. Martin Marietta Long Term Disability Income Plan*, 244 F.3d 1109, 1114 (9th Cir. 2001).

The plaintiff's purported demand – whether or not it satisfies the pleading rules – cannot be granted; in demanding a trial by jury, he seeks forum that is simply not available. The defendants' motion, therefore, should be granted, to resolve this matter now and foreclose any possible disputes.

## CONCLUSION

The plaintiff's claims for consequential and punitive damages are fatally defective. They should never be the subject of discovery, and no evidence on those claims should ever be admitted at trial. They are, therefore, immaterial and impertinent material that should properly be stricken under Rule 12(f). They are precisely the type of "spurious issues" that should be dispensed with at the earliest stage of suit.

For these reasons, defendants respectfully request that their motion to strike be granted, that plaintiff's action proceed only under ERISA, that plaintiff's recovery be limited only to the relief specifically allowed under ERISA, and that the demand for a jury be stricken in accord with ERISA.

Dated: July 28, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


By: */s/ Adrienne C. Publicover*
ADRIENNE C. PUBLICOVER
LAWRENCE J. ROSE
Attorneys for Defendants
LIFE INSURANCE COMPANY OF
NORTH AMERICA and ARROW ELECTRIC

7
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S IMPROPER DAMAGES CLAIMS AND DEMAND FOR JURY TRIAL [FRCP 12(F)]
USDC NDCA Case # CV08-03240 HRL
365363.1

# CERTIFICATE OF SERVICE
*Rick M. Greenberg v. Life Insurance Company of North America, et al.*
*USDC NDCA Case #CV08-03240 HRL*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S IMPROPER DAMAGES CLAIMS AND DEMAND FOR JURY TRIAL**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→     : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

_____ : **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

_____ : **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

_____ : **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Rick M. Greenberg
12200 Country Squire Lane
Saratoga, CA  95070
Tel:    (408) 483-4367
Fax:    (408) 253-7286

*Plaintiff in Pro Per*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **July 28, 2008**, at San Francisco, California.

_____
Nancy U.

---