ORIGINAL FILED

08 AUG -4 PM 1:47

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA S.J.

Rick M. Greenberg
12200 Country Squire Lane
Saratoga, California  95070
(408)483-4367
(408)253-7286 (FAX upon request)

Plaintiff Pro Se

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| RICK M GREENBERG<br><br>Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF<br>NORTH AMERICA and<br>ARROW ELECTRONICS<br><br>Defendants. | CASE NO.   CV08-03240 JW<br><br>RESPONSE TO MOTION TO<br>TO STRIKE PLAINTIFF'S<br>IMPROPER DAMAGES CLAIMS<br>AND DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

This response is to defense action under [FRCP 12(f)] dated July 28, 2008, at San Francisco, California; motions to strike plaintiff's improper damages claims and demand for jury trial, regarding the contract between the plaintiff and defendant Life Insurance Company of North America, (hereinafter "the contract") which plaintiff alleges defendant Life Insurance Company of North America breached.

## II. RESPONSE

Plaintiff rejects the defense's reclassification of the amounts in plaintiff's prayer for relief number 2 as consequential, punitive or otherwise extra-contractual, and maintains that the prayer reflects amounts for the rehabilitation plan which plaintiff is currently following, and to which plaintiff is entitled under the contract, and that plaintiff is bearing one-hundred percent (100%) of the expense.  Survival of this motion would represent a secondary, previously unbreached

1  breach of contract as defendant Life Insurance Company of North America has not yet refused
2  to pay for rehabilitation expenses, except as is implied in the motion to dismiss prayer 2. Such a
3  breach would be additional to the initial breach plaintiff alleged and seeks relief for in the first
4  prayer. Therefore the motion to strike prayer 2 is fatally defective. It should be noted that the
5  amount of prayer 2 is for accumulated expenses and that the amount of the prayer may be
6  adjusted by the court, as it sees fit, as requested in plaintiff's prayer for relief number 4.

   With regards to defense motion to strike plaintiff's prayer for relief number 3, the defense
7  has made it abundantly clear that insurers such as defendant Life Insurance Company of North
8  America, are subject to, and apparently well protected by ERISA, shielded from state
9  jurisdiction by "preemption" and further shielded from all but contractual obligations. The
10 motion to strike plaintiff's third prayer as legally and fatally defective is in itself legally
11 defective, as the cases cited by the defense do not clearly demonstrate that the aforementioned
12 shielding extends to defendant Arrow Electronics. Defendant Arrow Electronics was not a party
13 to the contract, and in the role of plaintiff's former employer, acted with complicity and duplicity
14 in obstructing plaintiff's due process execution of the contract. With regards to punitive,
15 consequential or otherwise extra-contractual damages, it should be noted that a careful scrutiny
16 of plaintiff's case shows no amounts other than relief for contractual obligations breached by
17 defendant Life Insurance Company of North America as well as other previously unclaimed
18 benefits provided for by the contract are being sought by the plaintiff against defendant Life
19 Insurance Company of North America, other than what the court may deem appropriate per
20 plaintiff's fourth prayer.

   Plaintiff has no response at this time to defense motion to strike plaintiff's front page
21 demand for jury trail.

### III. CONCLUSION

The defense should withdraw its motion to strike plaintiff's prayer number 2 as the motion is fatally defective.

The defense should withdraw its motion to strike plaintiff's prayer number 3 as the motion is legally defective and will probably not survive.

## ADDENDUM

In the event of court confirmation of the voluntary withdrawal by the defense, of the motions detailed herein and waiving of Motion hearing dated September 2, 2008 (or as rescheduled by the court), plaintiff will likewise voluntarily withdraw this response. Be it known that such voluntary withdrawal should not prevent nor preclude the plaintiff or the defense from reintroducing anything contained in said documents in whole or part, if said documents are voluntarily withdrawn, except as barred by future court decisions or rulings.

_____
RICK M GREENBERG
    Plaintiff Pro Se