Rick M. Greenberg
12200 Country Squire Lane
Saratoga, California 95070
(408)483-4367
(408)253-7286 (FAX upon request)

Plaintiff Pro Se

**FILED**

2008 AUG 12 P 3: 23

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| RICK M GREENBERG <br><br> Plaintiff, <br><br> v. <br><br> LIFE INSURANCE COMPANY OF NORTH AMERICA and ARROW ELECTRONICS <br><br> Defendants. | CASE NO.   CV08-03240 JW <br><br> [AS AMENDED] OPPOSITON TO [MOTION TO STRIKE TO PLAINTIFF'S IMPROPER DAMAGES CLAIMS AND DEMAND FOR JURY TRIAL] [FCRP 12 (f)] <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION <br><br> Date:        September 2, 2008 <br> Time:       10:00 a.m. <br> Location:  San Jose Division <br> Judge:     Hon. Harold R. Lloyd <br><br> <u>Accompanying Document</u> <br>     [Proposed] Order |

**OPPOSITION BRIEFS [AS AMENDED] TO DEFENDANTS MOTION TO STRIKE PLAINTIFF'S IMPROPER DAMAGES CLAIMS AND DEMAND FOR JURY TRIAL**

The citations by the defense in the motion to dismiss plaintiff's prayer for relief number two (2) are irrelevant as their relevance is based solely upon the supposition by the defense that the amounts in said prayer are consequential, punitive or otherwise extra-contractual when in fact, prayer 2 reflects amounts for the rehabilitation plan, which plaintiff is entitled to under the contract between plaintiff and defendant Life Insurance Company of North America (hereinafter "the contract"), and to which plaintiff is currently following as well as bearing one-hundred percent (100%) of the expense. Survival of this motion would represent a secondary, previously unbreached breach of the contract as defendant Life Insurance Company of North America has not yet refused to pay for any rehabilitation expenses. A proper examination of the evidence in support of prayer 2 will determine if the amount requested represents entitlement under the contract or are consequential in nature and then subject to the citations by the defense. This state of prayer 2 should declare, that the amounts are not "unworthy of any consideration" or that "their presence in the pleading throughout the pleading will be prejudicial to the moving party", even if only one dollar ($1) survives and is awarded under the terms of the contract. The defense also notes that the right to motion is granted when "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation". As rehabilitation expenses are explicitly covered by the contract, the prayer will have bearing upon the subject matter of the litigation. Therefore this section of the motion is fatally defective and the court should deny it.

With regards to the portion of the motion to strike plaintiff's prayer for relief number 3, the defense has made it abundantly clear, mostly in using the irrelevant citations in attempts to strike prayer number 2, that insurers such as defendant Life Insurance Company of North America , are subject to, and apparently well protected by ERISA, shielded from state jurisdiction by "preemption", and further shielded from all but contractual obligations. These protections have come into play by requiring that this Federal Court has jurisdiction in this case. The citations however so not clearly demonstrate that the aforementioned shielding extends to

**OPPOSITION BRIEFS [AS AMENDED] TO DEFENDANTS MOTION TO STRIKE PLAINTIFF'S IMPROPER DAMAGES CLAIMS AND DEMAND FOR JURY TRIAL**

defendant Arrow Electronics. Defendant Arrow Electronics was not a party to the contract, and in the role of plaintiff's former employer, acted with complicity and duplicity in obstructing plaintiff's due process execution of the contract. In fact, none of the cases cited have either plaintiff nor defendant as an employee's former employer. It should also be noted that with regards to punitive, consequential or otherwise extra-contractual damages, a careful scrutiny of plaintiff's case shows no amounts other than relief for contractual obligations breached by defendant Life Insurance Company of North America as well as other previously unclaimed benefits provided for by the contract are being sought by the plaintiff against defendant Life Insurance Company of North America, other than what the court may deem appropriate per plaintiff's fourth prayer. This demonstrates that each and every citation to a case by the defense in the attempt to strike plaintiff's demands, are irrelevant.

With regards to the right to bring a motion, as identified by the defense, defendant Arrow Electronic's behavior make it clear that the matter to be stricken does have substantial bearing upon the subject matter, and that this section of the motion should therefore also be disallowed.

With regards to final section of the motion, to strike the request for a jury trial, it should be noted that the motion shows weakness as the first citation, chained to two additional citations, is for a class action lawsuit and the relevance is to be questioned. However, plaintiff hereby agrees to waive the jury trial, if it pleases the court.

## CONCLUSION

The court should deny defense motion to strike plaintiff's prayer number 2 as the motion is fatally defective and its continuance would deny plaintiff contractual obligations from defendant Life Insurance Company of North America

The court should deny defense motion to strike plaintiff's prayer number 3 as the subject

---

**OPPOSITION BRIEFS [AS AMENDED] TO DEFENDANTS MOTION TO STRIKE PLAINTIFF'S IMPROPER DAMAGES CLAIMS AND DEMAND FOR JURY TRIAL**

matter requires judicial review and that therefore the motion is legally defective and should not survive.

*[signature]*

RICK M GREENBERG

Plaintiff Pro Se

---

**OPPOSITION BRIEFS [AS AMENDED] TO DEFENDANTS MOTION TO STRIKE PLAINTIFF'S IMPROPER DAMAGES CLAIMS AND DEMAND FOR JURY TRIAL**