```
 1  ADRIENNE C. PUBLICOVER  (SBN 161432)
    LAWRENCE J. ROSE (SBN 129511)
 2  WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP
 3  525 Market Street, 17th Floor
    San Francisco, California  94105
 4  Tel:    (415) 433-0990
    Fax:    (415) 434-1370
 5
    Attorneys for Defendants
 6  LIFE INSURANCE COMPANY
    OF NORTH AMERICA AND
 7  ARROW ELECTRONICS
 8
 9
                         UNITED STATES DISTRICT COURT
10
                       NORTHERN DISTRICT OF CALIFORNIA
11
                              SAN JOSE DIVISION
12
13
14  RICK M. GREENBURG,          )  CASE NO.   CV08-03240 HRL
                                )
15         Plaintiff,           )  [RESCHEDULED FOLLOWING
                                )  REASSIGNMENT TO UNITED
16     v.                       )  STATES DISTRICT JUDGE]
                                )
17  LIFE INSURANCE COMPANY      )  REPLY MEMORANDUM IN
    OF NORTH AMERICA and ARROW  )  SUPPORT OF MOTION TO STRIKE
18  ELECTRONICS,                )  PLAINTIFF'S IMPROPER
                                )  DAMAGES CLAIMS AND DEMAND
19         Defendants.          )  FOR JURY TRIAL
                                )
20                              )  [FRCP 12(f)]
                                )
21                              )  New Date:    September 15, 2008
                                )  New Time:    9:00 a.m.
22                              )  Location:    San Jose Division
                                )  Judge:       Hon. James Ware
23                              )
                                )  Accompanying Documents
24                              )  1.   Re-Notice of Motion Following
                                )       Reassignment to United States
25                              )       District Judge
                                )
26
27
28
```

REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S
IMPROPER DAMAGES CLAIMS AND DEMAND FOR JURY TRIAL
USDC NDCA Case # CV08-03240 HRL
369692.1

Defendants, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA") and ARROW ELECTRONICS submit this reply memorandum in support of their motion to strike the claims for consequential and punitive damages and the purported demand for jury trial in plaintiff Rick M. Greenberg's ("plaintiff") complaint, pursuant to Federal Rule of Civil Procedure 12(f).

## I.   STATEMENT OF THE PRESENT DISPUTE

Plaintiff has pleaded that his action "arises under Federal ERISA laws of the United States," (Complaint, ¶1.), and seeks benefits under a long-term disability insurance program. (Complaint, ¶¶ 5 & 7.) He did not withdraw from that position in his opposition to the present motion. Thus, for the purposes of this motion, defendants are prepared to treat the complaint as a claim for disability benefits under ERISA, pursuant to 29 U.S.C. § 1132(a)(1)(b). The complaint contains three specific Prayers for Relief: (1) a claim for disability income benefits; (2) a claim for "reimburse[ment] ... for expenses for plaintiff's rehabilitation;" and (3) a claim for punitive damages. The defendants' motion to strike is directed toward the last two prayers, and toward the plaintiff's putative demand for a jury trial, as stated in the caption of the complaint.

In his Amended Opposition to the motion, filed August 12, 2008 (Doc. No. 13)," the plaintiff appears to state that the amounts claimed for "the rehabilitation plan" are alleged to be benefits "which plaintiff is entitled to under the contract." *See* Amended Opposition, page 2, lines 4-6.

Defendants submit that this statement constitutes a judicial admission by the plaintiff that he is not seeking consequential damages, and that such damages are not available in his action under ERISA, and that the only remedies available to the plaintiff are those available under the plan, pursuant to 29 U.S.C. § 1132(a)(1)(B) and the applicable case law.

The defendants deny that the plaintiff is eligible for, or participating in, any rehabilitation program that might be a benefit of the long term disability plan at issue here.

---

1
REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S
· IMPROPER DAMAGES CLAIMS AND DEMAND FOR JURY TRIAL [FRCP 12(F)]
USDC NDCA Case # CV08-03240 HRL
369692.1

However, defendants recognize that plaintiff's substantive right to the remedy sought in Prayer for Relief number 2 – as constrained by plaintiff's judicial admission – raises questions of fact that cannot be adjudicated on a motion under Rule 12(f).

Therefore, the defendants admit that, *if the court accepts their characterization of the plaintiff's statement as a binding admission of the limited remedies available in this action under ERISA*, then the motion to strike Prayer for Relief number 2 is moot.

Further, the defendants note that plaintiff has expressly waived his request for a jury trial, see Amended Opposition, page 3, lines 16-17, and thus defendants are entitled to have the demand deemed stricken.

Thus, the issue that remains in dispute is the plaintiff's claim for punitive damages, which he alleges is asserted against Arrow Electronics only.[1]

## II.   ARGUMENT

### Any Claim For Punitive Damages Against Any Party Is Preempted By ERISA

The plaintiff concedes that LINA is "shielded from all but contractual obligations," see Amended Opposition, page 2, lines 20-23, and is therefore immune from any claim for punitive damages in this ERISA action. The plaintiff contends, however, that the authorities "do not clearly demonstrate that the [ERISA] shielding extends to defendant Arrow Electronics." See Amended Opposition, page 2, line 24 – page 3, lines 1. In fact, the cases do establish that

---

[1] As noted, the defendants' concession regarding Prayer for Relief number 2 is predicated on the understanding that plaintiff is not asserting – and admits that he cannot assert – a claim for consequential damages in this ERISA action. If the plaintiff disputes this understanding, then defendants specifically request the Court's ruling on this issue.

2
**REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S IMPROPER DAMAGES CLAIMS AND DEMAND FOR JURY TRIAL [FRCP 12(F)]**
USDC NDCA Case # CV08-03240 HRL
369692.1

Arrow Electronics and LINA share the same immunity, and punitive damages simply are not available in ERISA actions.

The remedies that are available in an action for ERISA benefits are specified in §502(a)(1)(B) of the statute, codified at 29 U.S.C. §1132(a)(1)(B). An ERISA claimant is entitled only "to recover "benefits due to him under the terms of the plan, to enforce rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." In *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134 (1985), the Supreme Court made clear that ERISA remedies do not include any right to consequential or punitive damages. The Court stated:

> Congress did not provide, and did not intend the judiciary to imply a cause of action for extra-contractual damages caused by improper or untimely processing of benefits claims. *Id.* at 148.

This rule applies to claims against the employer with the same strength that it applies to claims against the plan or the plan's administrators.

For example, in *Bui v. AT&T*, 310 F.3d 1143, 1145-47 (9th Cir. 2002), the plaintiff alleged that an employer was negligent in its selection of a vendor providing services to an employee welfare benefit plan. The court held that insofar as the plaintiff's claims against the employer or its successor arose out of conduct that was related to the benefits plan, the claims were preempted by ERISA. *Id.* at 1152-53. Similarly, in *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124, 1126-29 (9th Cir. 1992), the plaintiffs brought claims against the employer alleging breach of contract, wrongful termination, bad faith and various other torts. The court held that the claims were based on a dispute over ERISA benefits, and therefore the claims and the remedies available against the employer were governed by ERISA. *Id.* at 1131-33.

In this instance, the plaintiff's claim against Arrow Electronics, his former employer, is alleged to arise from the company's "complicity and duplicity in obstructing plaintiff's due process execution of the [benefits] contract." *See* Amended Opposition, page 3, lines 2-3. Thus, just as in *Bui v. AT&T* and *Tingey v. Pixley-Richards*, the plaintiff here accuses his former

employer of frustrating or interfering with his claim for benefits under an employer-sponsored welfare benefit plan. His claim against Arrow Electronics, therefore, is integral to the benefits dispute, and governed by ERISA.

In *Bast v. Prudential Ins. Co.,* 150 F.3d 1003, (9th Cir. 1998), the court explained that ERISA controls the remedies that can be available to an ERISA claimant. "Extracontractual, compensatory and punitive damages are not available under ERISA. … The focus is on ERISA. If it does not provide a remedy, none exists." *Id.* at 1009-10.

Therefore, even if the plaintiff is ultimately successful on his claim for benefits, he cannot be entitled to an award of punitive damages – no matter who he claims should be required to pay them. ERISA preempts any state law claim that could support such a recovery, and provides no such remedy of its own. The plaintiff's prayer for punitive damages should be stricken, so as to conform with law and avoid any confusion going forward.

## CONCLUSION

For these reasons, defendants respectfully request that their motion to strike be granted, that plaintiff's action proceed only under ERISA, that plaintiff's recovery be limited only to the relief specifically allowed under ERISA, and that the demand for a jury be stricken in accord with ERISA.

Dated: August 14, 2008    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/ Adrienne C. Publicover
ADRIENNE C. PUBLICOVER
LAWRENCE J. ROSE
Attorneys for Defendants
LIFE INSURANCE COMPANY OF NORTH AMERICA
and ARROW ELECTRIC

# CERTIFICATE OF SERVICE
*Rick M. Greenberg v. Life Insurance Company of North America, et al.*
*USDC NDCA Case #CV08-03240 JW*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S IMPROPER DAMAGES CLAIMS AND DEMAND FOR JURY TRIAL**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→    : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

_____ : **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

_____ : **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

_____ : **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Rick M. Greenberg
12200 Country Squire Lane
Saratoga, CA 95070
Tel:   (408) 483-4367
Fax:   (408) 253-7286

*Plaintiff in Pro Per*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **August 14, 2008**, at San Francisco, California.

_____
Nancy Li

---

5
**REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S**
**IMPROPER DAMAGES CLAIMS AND DEMAND FOR JURY TRIAL [FRCP 12(F)]**
USDC NDCA Case # CV08-03240 HRL
369692.1