IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Richard M. Greenburg, | NO. C 08-03240 JW |
|         Plaintiff,<br>  v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE** |
| Life Ins. Company of North America, et al., | |
|         Defendants. | |

## I. INTRODUCTION

Richard M. Greenburg ("Plaintiff"), in *pro se*, brings this action against Life Insurance Company of North Amercia ("LINA") and Arrow Electronics ("Arrow") (collectively, "Defendants"), alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff alleges that LINA breached the insurance contract it entered into with Plaintiff, and that Defendants together colluded to terminate Plaintiff's insurance contract.

Presently before the Court is Defendants' Motion to Strike Plaintiff's Damages Claims and Demand for Jury Trial. (hereafter, "Motion," Docket Item No. 10.) The Court found it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS in part and DENIES in part Defendants' Motion to Strike.

## II. BACKGROUND

In a Complaint filed on July 3, 2008, Plaintiff alleges as follows:

Plaintiff is a disabled individual. (Complaint ¶ 4, Docket Item No. 1.) LINA is Plaintiff's provider of disability insurance benefits and Arrow is Plaintiff's former employer. (Id. ¶ 5-6.) On October 20, 2004, LINA ceased paying Plaintiff benefits under his insurance contract. (Id. ¶ 7.) On July 9, 2005, LINA upheld its denial of benefits beginning in October 2004. (Id.) In doing so, LINA breached its contract with Plaintiff. (Id. ¶ 8.1.) Further, LINA breached its confidential relationship with Plaintiff by sharing information with Arrow. (Id. ¶ 8.2.) Defendants LINA and Arrow together colluded to terminate Plaintiff's contract with LINA. (Id. ¶ 8.3.)

On the basis of the allegations outlined above, Plaintiff seeks the following relief: (1) Payment of the full benefits under Plaintiff's insurance contract with LINA; (2) Payment of Plaintiff's "rehabilitation expenses;" (3) Payment of punitive damages from Arrow for participating in LINA's breach of Plaintiff's insurance contract; and (4) Payment of "all additional relief" to which Plaintiff is entitled.

Presently before the Court is Defendants' Motion to Strike Plaintiff's Damages Claims and Demand for Jury Trial.

## III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Ninth Circuit has held that "[t]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) rev'd on other grounds, Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994).

However, "[m]otions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic."

Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003); See, e.g., Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 1028 (C.D. Cal. 2002). Accordingly, such motions should be denied unless the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit. SEC v. Sands, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995); LeDuc v. Kentucky Central Life Ins. Co., 814 F. Supp. 820, 820 (N.D. Cal. 1992). When considering a motion to strike, the court "must view the pleading in a light most favorable to the pleading party." In re 2TheMart.com, Inc. Securities Litig., 114 F. Supp. 955, 965 (C.D. Cal. 2000).

## IV.  DISCUSSION

Defendants move to strike the following portions of Plaintiff's Complaint: (1) Plaintiff's second prayer for relief for "expenses for [P]laintiff's rehabilitation;" (2) Plaintiff's third prayer for relief for "punitive damages;" and (3) Plaintiff's demand for a jury trial contained in the caption of Plaintiff's Complaint. (Motion at 1-2.)

As a preliminary matter, the Court must determine which provision of ERISA is the basis of Plaintiff's claim. Plaintiff's Complaint only alleges that his action "arises under the Federal ERISA laws." (Complaint ¶ 1.) Since Plaintiff does not request any form of equitable relief pursuant to 29 U.S.C. § 1132(a)(3), the Court construes Plaintiff's claim as a claim "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" pursuant to 29 U.S.C. § 1132(a)(1)(B).[1]

The Court considers the issues raised by Defendants' motion in turn.

### A.  Rehabilitation Expenses and Punitive Damages

Defendants contend that Plaintiff's second prayer for relief for rehabilitation expenses and third prayer for relief for punitive damages should be stricken because neither type of recovery is available under ERISA. (Motion at 2, 5-6.)

---

[1] Defendants contend that Plaintiff's claim arise under § 1132(a)(1)(B) and Plaintiff raises no objection. (Motion at 2.)

3

Under ERISA, a plan participant may not recover extracontractual compensatory or punitive damages for the improper or untimely processing of benefit claims. Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 148 (1985); Bast v. Prudential Ins. Co. of Am., 150 F.3d 1003, 1009 (9th Cir. 1998).

With respect to Plaintiff's request for reimbursement of rehabilitation expenses in the amount of $43,000, Plaintiff contends that these expenses do not constitute extracontractual compensatory damages because he is entitled to them under his contract with LINA.[2] In their Reply, Defendants concede that, to the extent Plaintiff is merely seeking benefits under his contract, their Motion to Strike Plaintiff's prayer for rehabilitation expenses is rendered moot.[3] Thus, the Court finds that Plaintiff's prayer for rehabilitation expenses concerns permissible contractual damages under ERISA. Accordingly, the Court DENIES Defendants' Motion to Strike Plaintiff's second prayer for relief for rehabilitation expenses.

With respect to Plaintiff's request for punitive damages from Defendant Arrow,[4] such a remedy is unavailable under ERISA. See Russell, 473 U.S. at 148. Although punitive damages might be sought under state law, state law causes of action are generally "preempted [by ERISA] where [they are] used to remedy exactly the type of illegal activity proscribed by ERISA." Tingey v. Pixley-Richards West, Inc., 953 F.2d 1124, 1130 (9th Cir. 1992). On the other hand, "an otherwise ERISA-preempted claim may survive to the extent that it relies on a theory independent of the benefit plan." Id.

In this case, Plaintiff expressly brings his Complaint under ERISA, and all of his injury is alleged to have arisen out of the wrongful denial of insurance benefits. (See Complaint at 1-3.)

---

[2] (Memorandum in Opposition re Motion to Strike Plaintiff's Improper Damages Claims and Demand for Jury Trial at 1, hereafter, "Opposition," Docket Item No. 13.)

[3] (Reply Memorandum in Support of Motion to Strike Plaintiff's Damages Claims and Demand for Jury Trial at 2, hereafter, "Reply," Docket Item No. 17.)

[4] To the extent Plaintiff seeks claims against his employer, "ERISA preemption . . . applies to claims against employers and insurers alike." Tingey, 953 F.2d at 1130.

4

1 Thus, Plaintiff's pursuit of punitive damages cannot be construed as "independent" of his benefit
2 plan because the harm that he seeks to vindicate is the withholding of his disability benefits through
3 the termination of his contract with LINA. See Tingey, 953 F.2d at 1130. This improper denial of
4 benefits is the type of illegal activity proscribed by ERISA. See id. Any alternative state law
5 theories upon which punitive damages may otherwise be recoverable are, therefore, preempted by
6 ERISA. Since the Court finds that punitive damages are unavailable to Plaintiff under any theory,
7 the Court GRANTS Defendants' Motion to Strike Plaintiff's third prayer for relief for punitive
8 damages.

**B.      Jury Demand**

Defendants contend that Plaintiff's request for a jury trial should be stricken because there is no right to a jury trial for claims brought pursuant to ERISA. (Motion at 6.)

The Ninth Circuit has held that "the remedies available to a participant or beneficiary under ERISA are equitable in nature and the Seventh Amendment does not require that a jury trial be afforded for claims made by participants or beneficiaries." Thomas v. Oregon Fruit Products Co., 228 F.3d 991, 997 (9th Cir. 2000).

Given that there is no right to a jury trial in cases brought under ERISA,[5] the Court GRANTS Defendants' Motion to Strike Plaintiff's jury demand.

---

[5] Plaintiff essentially concedes that he is not entitled to a jury trial, despite the demand for one in his Complaint. In his initial Opposition, Plaintiff states that he "has no response at this time to defense [sic] motion to strike [P]laintiff's front page demand for jury [trial]." (Opposition at 2.) In a second Opposition brief filed by Plaintiff, he states that he "agrees to waive the jury trial, if it pleases the court." (Opposition to Motion to Strike Plaintiff's Damages Claims and Demand for Jury Trial at 3, Docket Item No. 13.) With respect to this second Opposition, the Court notes that an opposing party is only entitled to file a single opposition brief. In light of Plaintiff's *pro se* status, however, and the fact that the two versions of Plaintiff's Opposition differ only slightly, the Court considers both documents in deciding the present motion.

5

## V.  CONCLUSION

The Court GRANTS in part and DENIES in part Defendants' Motion to Strike, as follows:

(1) The Court DENIES Defendants' Motion to Strike Plaintiff's second prayer for relief for "rehabilitation expenses," to the extent that it seeks recovery available under Plaintiff's insurance plan.

(2) The Court GRANTS Defendants' Motion to Strike Plaintiff's third prayer for relief for punitive damages.

(3) The Court GRANTS Defendants' Motion to Strike Plaintiff's demand for a jury trial.

Plaintiff's prayer for relief for punitive damages and demand for jury trial are ordered stricken from Plaintiff's Complaint.

Dated:  December 18, 2008

JAMES WARE
United States District Judge

United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adrienne Clare Publicover Adrienne.Publicover@WilsonElser.com

Richard M. Greenberg
12200 Country Squire Lane
Saratoga, CA 95070

**Dated: December 18, 2008**

**Richard W. Wieking, Clerk**

**By: /s/ JW Chambers**
**Elizabeth Garcia**
**Courtroom Deputy**