**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Rick M. Greenburg, | NO. C 08-03240 JW |
|     Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S COUNTERCLAIM AND MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT** |
| v. | |
| Life Insurance Co. of North America, et al., | |
|     Defendants. | |

Presently before the Court is Rick Greenburg's ("Plaintiff") Motion to Strike and to Amend his Complaint.[1]  Plaintiff seeks to strike Defendants' First and Second Counterclaims for relief, and to amend his complaint by adding two forms of requested relief.  The Court found it appropriate to take the matter under submission without oral argument.  See Civ. L.R. 7-3(b).

On July 8, 2008, Plaintiff filed his Complaint, alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA").  (Complaint, Docket Item No. 1.)  On January 16, 2009, Defendants Life Insurance Company of North America ("LINA") and Arrow Electronics ("Arrow") (collectively, "Defendants") filed an Answer to the Complaint and Counterclaims.  (See Docket Item Nos. 27-28.)  LINA alleges two counterclaims: (1) Declaratory Relief for Restitution of Benefits, and (2) Breach of Contract.  (See Docket Item No. 28.)

---

[1] (Plaintiff's Memorandum of Points and Authorities in Support of Motion to Strike Portions of Defendant Life Insurance Company of North America's Counterclaim and Motions to Amend Plaintiff's Prayers for Relief, hereafter, "Motion," Docket Item No. 30.)

1  The Court considers Plaintiff's requests in turn.

2  **A.    <u>Motion to Strike</u>**

3  Plaintiff contends that LINA's First Counterclaim should be stricken on the grounds that it
4  would represent an illegal seizure under the Fourteenth Amendment and LINA's Second
5  Counterclaim should be stricken on the ground that it is an attempt to enforce an illegally "tied"
6  contract in violation of the Sherman Antitrust Act.[2]  (Motion at 2.)

7  Pursuant to Federal Rule of Civil Procedure 12(f), "the court may order stricken from any
8  pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."
9  The Ninth Circuit has held that "[t]he function of a 12(f) motion to strike is to avoid the expenditure
10 of time and money that must arise from litigating spurious issues by dispensing with those issues
11 prior to trial." <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other*
12 *grounds*, <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517 (1994).

13 However, "[m]otions to strike are generally regarded with disfavor because of the limited
14 importance of pleading in federal practice, and because they are often used as a delaying tactic."
15 <u>Neilson v. Union Bank of Cal., N.A.</u>, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003); <u>See, e.g.</u>, <u>Cal.</u>
16 <u>Dep't of Toxic Substances Control v. Alco Pac., Inc.</u>, 217 F. Supp. 1028 (C.D. Cal. 2002).
17 Accordingly, such motions should be denied unless the matter has no logical connection to the
18 controversy at issue and may prejudice one or more of the parties to the suit.  <u>SEC v. Sands</u>, 902 F.
19 Supp. 1149, 1166 (C.D. Cal. 1995); <u>LeDuc v. Kentucky Central Life Ins. Co.</u>, 814 F. Supp. 820
20 (N.D. Cal. 1992).  When considering a motion to strike, the court "must view the pleading in a light
21 most favorable to the pleading party."  <u>In re 2TheMart.com, Inc. Securities Litig.</u>, 114 F. Supp. 955,
22 965 (C.D. Cal. 2000).

---

[2] The Court recognizes that Plaintiff's request to strike LINA's Counterclaims is untimely pursuant to Fed. R. Civ. P. 12(f).  However, in light of Plaintiff's *pro se* status, and because it appears that Defendant LINA will not be prejudiced, the Court considers the merits Plaintiff's request.

2

### 1. First Counterclaim for Restitution

Plaintiff contends that Defendant's First Counterclaim seeks an illegal seizure of his property in violation of the Fourth Amendment. (Motion at 2.)

The Fourth Amendment applies to governmental action only, and is not intended to apply to non-governmental entities. Burdeau v. McDowell, 256 U.S. 465, 475 (1921); U.S. v. Young, 153 F.3d 1079, 1080 (9th Cir. 1998). Here, since LINA is a private entity not acting as an instrument or agent of the government, the Fourth Amendment is inapplicable to its First Counterclaim.

Accordingly, the Court DENIES Plaintiff's Motion to Strike Defendant LINA's First Counterclaim for Restitution.

### 2. Second Counterclaim

Plaintiff contends that Defendant's Second Counterclaim violates the Sherman Antitrust Act, in that it is a "tied" contract. (Motion at 2.)

"A tying arrangement is a device used by a seller with market power in one product market to extend its market power to a distinct product market." Rick-Mik Enterprises, Inc. v. Equilon Enterprises LLC, 532 F.3d 963, 971 (9th Cir. 2008) (quoting Cascade Health Solutions v. PeaceHealth, 515 F.3d 883, 912 (9th Cir. 2008)). "To accomplish this objective, the seller conditions the sale of one product [the tying product] on the buyer's purchase of a second product [the tied product]." Id.

Here, LINA's Second Counterclaim for breach of contract does not involve tying between two products. LINA's breach of contract theory is that Plaintiff entered into a "Reimbursement Agreement," under which he agreed to reimburse LINA's payments to him in an amount equal to certain benefits he received through Social Security. (Counterclaim of Life Insurance Company of North America ¶¶ 16-20, Docket Item No. 28.) Thus, Plaintiff has not established that Defendant's Second Counterclaim is redundant, immaterial, impertinent, or scandalous.

Accordingly, the Court DENIES Plaintiff's Motion to Strike Defendant LINA's Second Counterclaim for Breach of Contract.

3

**B.     Motion for Leave to Amend**

Plaintiff seeks leave to amend his Complaint to add a prayer for relief seeking back wages since October 2002 and future wages in an amount totaling more than $2.2 million, and a prayer for relief seeking to have his employment with Defendant Arrow reinstated. (Motion at 2-3.)

Rule 15(a) provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). However, when a party can no longer amend a pleading as a matter of right under Rule 15(a), the party must either petition the court for leave to amend or obtain consent from the adverse parties. Fed. R. Civ. P. 15(a); Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983). Leave to amend under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." Keniston, 717 F.2d at 1300. "This policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

However, leave to amend need not be granted where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. Amerisource Bergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999). Prejudice to the defendant is the most important factor, but amendment may be denied upon a sufficiently strong showing of the other factors. See Eminence Capital, 316 F.3d at 1052; Keniston, 717 F.2d at 1300. The burden of showing prejudice rests on the party opposing amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Under ERISA, a disability benefit plan participant, beneficiary or fiduciary may seek to enjoin any action that violates ERISA or to "obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the [disability benefit] plan." 29 U.S.C. § 1132(a)(3). Furthermore, a participant may not recover extracontractual compensatory or punitive damages for the improper or untimely processing of benefit claims. Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 148 (1985); Bast v. Prudential Ins. Col. of Am., 150 F.3d 1003, 1009 (9th Cir. 1998). Reinstatement of employment, front pay and back pay may be an

4

appropriate remedy under § 1132(a)(3) if an employer discharges or otherwise discriminates against an employee to avoid paying benefits or in retaliation for exercising rights under a benefit plan. See 29 U.S.C. § 1140; Schwartz v. Gregori, 45 F.3d 1017, 1023 (6th Cir. 1995) (back pay and front pay); Felton v. Unisource Corp., 940 F.2d 503, 512 (9th Cir. 1991) (reinstatement).

Here, Plaintiff's proposed amendments are futile. In Plaintiff's proposed amended complaint, while he seeks to add the above prayer of relief, he does not seek to add the factual predicate necessary for those remedies. For example, he does not allege or attempt to allege that he was terminated by Arrow for exercising rights under his benefit plan. Thus, the Court finds that Plaintiff has not alleged a cause of action that would allow him to obtain relief in the form of reinstatement and payment of back wages and future wages.

Accordingly, the Court DENIES Plaintiff's Motion for Leave to Amend the Complaint. The hearing on the Motion currently set for April 27, 2009 is VACATED.

Dated: April 23, 2009

JAMES WARE
United States District Judge

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adrienne Clare Publicover Adrienne.Publicover@WilsonElser.com
Lawrence J. Rose lawrence.rose@wilsonelser.com

Rick M Greenberg
12200 Country Squire Lane
Saratoga, CA 95070

| | |
|---|---|
| **Dated: April 23, 2009** | **Richard W. Wieking, Clerk** |
| | **By:    /s/ JW Chambers**<br>       **Elizabeth Garcia**<br>       **Courtroom Deputy** |